J-A07002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHAN ALLEN BIELSKI | |
| Appellant | No. 793 WDA 2016 |

Appeal from the Judgment of Sentence May 3, 2016
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000269-2008

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 23, 2017**

Appellant, Nathan Allen Bielski, appeals from the judgment of sentence entered on May 3, 2016, wherein the trial court sentenced Appellant to two to four years of imprisonment following the revocation of his probation.  We affirm.

The trial court recited the facts and procedural history of this case as follows:

> [Appellant] was charged by information filed July 29, 2008, with one count of stalking, 18 Pa.C.S.A. § 2709.1(a)(1), which is a felony of the third degree.  [Appellant] pled guilty to the stalking charge on September 8, 2008.  [Appellant] also pled guilty to stalking in a parallel case filed at Criminal No. 2008-00270.  On December 2, 2008, [Appellant] was sentenced to a term of probation of 4 years, which was in

*Retired Senior Judge assigned to the Superior Court.

the mitigated range of the sentencing guidelines. [Appellant's] sentence was to be served consecutively to the sentence imposed at No. 2008-00270, which was for a term of incarceration of 159 days to 2 years minus one day, with 159 days' credit for time served.

On March 3, 2009, the Commonwealth filed a petition to revoke [Appellant's] parole based on [his] failure to comply with certain conditions of parole. Although [the Commonwealth] filed [the petition] at No. 2008-00269, [Appellant] would have been on parole at No. 2008-00270 and would not have completed his maximum sentence as of March 3, 200[9]. The petition was granted with [Appellant's] consent on March 24, 2009, and [Appellant] was immediately re-paroled. [Appellant's] parole at No. 2008-00270 was again revoked on June 1, 2010. The revocation petition and adjudication was not filed at No. 2008-00269. [Appellant] thereafter filed two petitions pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq.*, which were dismissed as untimely. [Appellant] appealed the [PCRA c]ourt's order denying his second petition, after which he filed a third [PCRA] petition, which the [PCRA c]ourt dismissed as premature. The appeal ultimately was dismissed by [this] Court on March 12, 2012 because of [Appellant's] failure to comply with Pa.R.A.P. 3517.

The Commonwealth filed a petition to revoke [Appellant's] probation on May 10, 2013, in which it alleged that [Appellant] failed to pay costs, fines, and/or restitution, failed to report to the probation department as directed, and failed to report a change of address. With his consent, the [trial c]ourt revoked [Appellant's] probation on May 28, 2013, and re-sentenced him the same day to a term of probation of 4 years.

The Commonwealth filed another revocation of probation petition on May 11, 2015, in which it alleged that [Appellant] had[:] 1) committed new offenses, 2) used alcoholic beverages and/or controlled substances without a prescription, and 3) failed to obtain permission to leave Pennsylvania. The [trial c]ourt again revoked [Appellant's] probation on January 26, 2016, and he was resentenced on May 3, 2016 [to two to four years of incarceration, with 201

days of credit for time served.] The May 3, 2016 judgment of sentence is the subject of the instant appeal.

Trial Court Opinion, 8/10/2016, at 1-3 (citations omitted; footnotes incorporated).

Appellant filed a motion to modify his sentence on May 9, 2016. The trial court denied relief on May 19, 2016. Appellant filed a *pro se* notice of appeal on May 19, 2016. The trial court appointed counsel who requested transcripts from the probation revocation hearing and subsequent sentencing hearing. On July 18, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on August 8, 2016. The trial court issued an opinion on August 10, 2016.

On appeal, Appellant presents the following issues for our review:

I.    Where [Appellant's] probation is revoked and he is sentenced to a term of incarceration of 2-4 years in [s]tate [p]rison and the sentencing court fails to state on the record the reasons for imposing that sentence in violation of 42 Pa.C.S.A. § 9721(b), did the sentencing court abuse its discretion?

II.   Where [Appellant's] probation is revoked and he is sentenced to a term of confinement and the sentencing court fails to consider and state on the record the sentencing factors set forth in 42 Pa.C.S.A. § 9771(c), did the sentencing court abuse its discretion?

Appellant's Brief at 8.

Both of Appellant's claims challenge the trial court's discretion in imposing his sentence and we will review them together. Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> *        *        *
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.
>
> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> What constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the

- 4 -

sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process.

\* \* \*

The sentencing court may, in an appropriate case, deviate from the guidelines by fashioning a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community. In doing so, the sentencing judge must state of record the factual basis and specific reasons which compelled him or her to deviate from the guideline ranges. When evaluating a claim of this type, it is necessary to remember that the sentencing guidelines are advisory only.

***Commonwealth v. Kearns***, 150 A.3d 79, 84–86 (Pa. Super. 2016) (internal citations and quotations omitted).

Here, Appellant preserved his sentencing issues in a post-sentence motion to modify his sentence, filed a timely notice of appeal, and included a statement pursuant to Pa.R.A.P. 2119(f) in his appellate brief. Moreover, Appellant has presented a substantial question for our review. ***See Commonwealth v. Derry***, 150 A.3d 987 (Pa. Super. 2016) (the sentencing court's failure to consider the statutory sentencing factors under 42 Pa.C.S.A. § 9721(b) presents a substantial question to review the discretionary aspects of sentences imposed for violations of probation; a

claim that a sentence is manifestly excessive and constitutes too severe a punishment raises a substantial question).  Thus, we proceed to the merits of Appellant's claims.

In his first issue presented, Appellant contends, "[t]he record is devoid of any notion that the sentencing court considered any of the factors set forth in Section 9721(b), *i.e.*, confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  Appellant's Brief at 19-20.  In his second issue, Appellant claims, "the record is devoid of information showing the [trial] court considered the sentencing factors under 42 Pa.C.S.A. § 9771(c) in sentencing [Appellant] to total confinement for violating probation."  *Id.* at 22.  More specifically, Appellant avers he was not convicted of another crime.  *Id.*  He also argues that a sentence of total confinement was not necessary to vindicate the authority of the court or because he was likely to commit another crime as all of his probation revocations, two prior revocations and the one at issue, were for technical violations.  *Id.* at 22-25.

Under 42 Pa.C.S.A. § 9721(a), in determining the sentence to be imposed, the trial court shall consider and select one of seven options, including a sentence of total confinement, and may impose it consecutively or concurrently to other sentences.  *See* 42 Pa.C.S.A. § 9721(a)(4).  The trial court is required to consider a sentence that "is consistent with the

protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *Id.*

However, the imposition of a sentence of total confinement upon the revocation of probation is governed separately by 42 Pa.C.S.A. § 9771, which states:

> (c) Limitation on sentence of total confinement.—The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> (1)   the defendant has been convicted of another crime; or
>
> (2)   the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3)   such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

This Court has concluded that when a trial court imposes a sentence of total confinement upon the revocation of probation, it must consider both Sections 9721 and 9771:

> Section 9771(c) mandates a [violation of probation (VOP)] court's consideration of additional factors at sentencing not addressed by Section 9721(b). Consequently, a VOP court is not confined to only consider the factors set forth in Section 9721(b), that is, it is not cabined by Section 9721(b). Instead, a VOP court must also consider the dictates of Section 9771(c), given the unique aspects of VOP sentences not applicable when a court issues the initial sentence.

*Derry*, 150 A.3d at 994 (emphasis omitted).

In this case, just prior to sentencing, the trial court stated:

[…Y]ou say that you've only been here once before on this case. But, there was a revocation [petition] filed on or about March 3, 2009, at this case number. There was a [p]etition to [r]evoke [p]robation filed on May 10, 2013, alleging that you failed to report a change of address, failed to report to probation, failed to maintain a payment of fines and costs. [The trial court] granted both of those petitions. A third petition was filed at this number on May 1, 2015. And, there again, you were alleged to have violated the criminal statutes, failed to refrain from the use, possession, transportation, [and] consumption of alcoholic beverages and failed to obtain permission prior to leaving the state.

So, you are saying that you've only been here once is simply not consistent with the record. Warrants were issued for you. And, that's how you were brought back. You were originally sentenced [] in the mitigated range on these charges, if [] recall[ed]. But, you managed to continue to violate and [] the adult probation office has been more than patient.

And your statement here today [] simply reiterates [this]. You have no insight. You feel everything is somebody else's fault, that it's not you. It's the world. [] Unfortunately, you have too much history with the [c]ourt here.

[The trial court] finds that you are not amenable to supervision. And continued violations simply manifest your indifference toward complying with the [trial c]ourt's condition[s]. So, perhaps the Department of Corrections [(DOC)] can get you the help that you need in order to avoid re-incarceration. [The trial court] concur[s] with the parole officer's conclusion that the DOC is better suited to address your legal and addiction issues. All right. []

(Sentence given)

N.T., 5/3/2016, at 13-14.

Based upon all of the foregoing, we discern no abuse of discretion in sentencing Appellant. The trial court focused primarily on Appellant's

rehabilitative needs, cataloguing the number of times the trial court imposed probation and the subsequent revocations for non-compliance. The trial court outright stated, as required under Section 9721, that Appellant has consistently shown he is not amenable to rehabilitation through probation. The trial court also expressed its concern that Appellant flaunted his indifference to his prior sentences by not taking probation seriously and that a term of incarceration was necessary to vindicate its authority under Section 9771. The trial court considered both Sections 9721 and 9771 and stated its reasons for the imposition of a sentence of total confinement. Thus, we discern no abuse of discretion.

Finally, prior to sentencing, the trial court had the benefit of an updated, pre-sentence investigation report dated March 2, 2016. *Id.* at 4-5. Appellant confirmed that the information contained therein was accurate. *Id.* at 5. When a sentencing court has the benefit of a pre-sentence report, we must presume that the sentencing judge was aware of, and duly considered, any mitigating information contained therein. ***See Commonwealth v. Raven***, 97 A.3d 1244, 1254 n.12 (Pa. Super. 2014), *citing* ***Commonwealth v. Devers***, 546 A.2d 12 (Pa. 1988). The record reflects that the sentencing court considered Appellant's individual circumstances before imposing a sentence of total confinement after properly revoking his probation. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/23/2017