J-S18021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JONATHAN EDWARD DOSS | : | |
| | : | |
| Appellant | : | No. 1421 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 9, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001056-2016

BEFORE: BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED JUNE 19, 2019**

Appellant Jonathan Edward Doss appeals from the judgment of sentence imposed following the revocation of his probation. Appellant challenges the discretionary aspects of his sentence. We affirm.

The trial court summarized the relevant facts and procedural history of this matter as follows:

Police received a report from Children and Youth Services that the 20-year-old Appellant was having sex with 14-year-old female, [the victim,] at her home after school and before her father returned home from work. Police recovered used condoms from the trash can in [the victim's] bedroom. The police interviewed [the victim] who said that Appellant had sex with her 10 to 20 times in April 2016. [The victim] also told the police that Appellant was aware of her age.

_____

[*] Former Justice specially assigned to the Superior Court.

On August 26, 2016, Appellant pled guilty to statutory sexual assault and indecent assault.[1]  On December 23, 2016, the court sentenced Appellant to 11 ½ months to 24 months less one day plus five years' probation for statutory sexual assault and a concurrent term of two years' probation for indecent assault.  The conditions of Appellant's supervision required Appellant to comply with standard sexual offender conditions, reside at his approved address, maintain employment, undergo an assessment by a mental health professional and comply with all recommendations, undergo an assessment for anger issues and comply with all recommendations, and comply with an approved mental health plan which included treatment and continuing with psychotropic medications.

On September 1, 2017, Appellant was before the court for a parole violation hearing.  The court found that Appellant violated the conditions of his supervision by failing to report for mental health services as directed, violating the conditions of house arrest, testing positive for alcohol, and failing to appear for appointments with his adult probation officer.  The court found that Appellant was in need of mental health services but he refused to comply with his treatment protocol.  He failed to: (1) contact MH/ID;[2] (2) begin anger management counseling; (3) continue taking his psychotropic medications and initiate counseling; and (4) initiate mobile psychological services and obtain a forensic peer specialist. The court sent Appellant to SCI-Camp Hill for a 60-day diagnostic evaluation.

On January 22, 2018, the court found that Appellant violated the conditions of his parole and ordered him to max out his parole sentence.  The court, however, did not revoke Appellant's probation at that time.  Instead, the court indicated that when he maxed out his parole on June 1, 2018, Appellant would be released to his probationary sentences subject to the following special conditions: wear a [Transdermal Alcohol Detector (TAD)] unit for three (3) months, take medication as prescribed by his treating physician; undergo an assessment and recommended

---

[1] 18 Pa.C.S. §§ 3122.1(a)(1); 3126(a)(8).

[2] The Lycoming-Clinton Mental Health/Intellectual Disabilities Program.

treatment by Townsend Velkoff in connection with any impulse control disorders, conduct disorders and sexual offenses; . . . and, if deemed appropriate by the Lycoming County Adult Probation Office, be placed on house arrest.

On June 21, 2018, Appellant was again before the court. A **Gagnon II**[3] (or final violation) hearing was scheduled for July 6, 2018. Appellant was warned that, in order to be kept on probation supervision, he needed an approved address and an intensive mental health treatment program that Appellant needed to follow. Appellant's probation officer convinced the American Rescue Workers (ARW) to allow Appellant to reside at their facility. As a result, rather than revoke Appellant's probation, on July 6, 2018 the court released Appellant to reside at the ARW and re-imposed the prior conditions as set forth in the prior court orders. Appellant was again advised that, although the court did not want to put him in state prison, if probation was not working as an effective tool to rehabilitate him the court would be left with no choice but to impose a state sentence.

Unfortunately, Appellant did not comply with the conditions of his house arrest or the requirements for him to reside at the ARW and he was re-incarcerated. On August 2, 2018, at a **Gagnon I** hearing, the court found probable cause to believe that Appellant violated the conditions of his supervision by leaving the ARW on July 15, 2018 and not returning until the next morning and being removed from the ARW for not abiding by the rules.

At the **Gagnon II** hearing on August 9, 2018, the court found that Appellant violated the conditions of his probation by being removed from the ARW program. The court revoked Appellant's probation and re-sentenced him to serve an aggregate sentence of 1½ years to 4 years' incarceration in a state correctional institution, which consisted of 1 to 3 years for statutory sexual assault and a consecutive 6 months to 1 year for indecent assault.

Trial Ct. Op., 12/31/18, at 1-3. Appellant filed a motion for reconsideration on August 13, 2018, which the trial court denied.

---

[3] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

On August 23, 2018, Appellant filed a timely notice of appeal. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement on August 30, 2018.[4] The trial court issued a Rule 1925(a) opinion asserting that Appellant's claims were meritless.

Appellant raises one question for our review:

> Did the trial court abuse its discretion by resentencing Appellant to confinement within a State Correctional Institution for an aggregate term of one and one-half to [four] years when Appellant had no prior history of violent or similar crimes, and a prior record score of zero; and was the sentence imposed manifestly excessive and unduly harsh, failing to properly consider Appellant's history, characteristics, nature of the violations, the nature of the underlying offense(es), and his rehabilitative needs?

Appellant's Brief at 4.

Appellant's claim is a challenge to the discretionary aspects of his sentence. Specifically, he argues that the trial court's sentence is "unduly harsh and manifestly excessive" and "fails to consider fully his characteristics and rehabilitative needs, specifically the report and mental health diagnosis of the Department of Corrections." *Id.* at 11. Appellant also disputes the court's conclusion that a sentence of total confinement was necessary to vindicate the authority of the court. *Id.* Appellant asserts that he is not a danger to the public and it "appears to be logically flawed to believe that now,

---

[4] Although Appellant raised additional issues in his Rule 1925(b) statement, he has abandoned those issues on appeal by failing to raise them in his brief. *See Commonwealth v. Rodgers*, 605 A.2d 1228, 1239 (Pa. Super. 1992) (stating that "[w]e must deem an issue abandoned where it has been identified on appeal but not properly developed in the appellant's brief" (citation omitted)).

as a result of technical violations to probation, a term of total confinement within a state correctional institution is necessary for public protection." *Id.* at 22.

It is well settled that "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issues; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the [S]entencing [C]ode.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted).

Instantly, Appellant preserved his issue in a post-sentence motion to modify and timely appealed. Appellant also included in his brief a Pa.R.A.P. 2119(f) statement. Further, Appellant has raised a substantial question for our review.[5] *See Derry*, 150 A.3d at 993 (stating that "the failure to consider Section 9721(b) factors does present a substantial question for our review of

---

[5] Appellant does not clearly distinguish the trial court's decision to impose total confinement under Section 9771(c) from the decision fixing the length of that confinement in light of the Section 9721(b) factors. *See* Appellant's Brief at 11. Appellant's substantial question argument largely treats the questions of whether the court erred in electing to impose total confinement at all and the resulting length of confinement as one overarching issue. *Id.* However, we address Appellant's claim as two distinct questions.

the discretionary aspects of sentences imposed for violations of probation");
*see also Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (stating that "[t]he imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process'" (citation omitted)).  Therefore, we will review Appellant's claim.

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

"Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000) (citations omitted).  Following revocation, the court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.  *Id.*  In fashioning its sentence, the court must consider the general sentencing standards set forth in 42 Pa.C.S. § 9721(b)

as well as the factors in 42 Pa.C.S. § 9771, which are unique to violation of probation (VOP) sentences. **See Derry**, 150 A.3d at 994.

Before imposing a sentence of total confinement after a probation violation, the sentencing court must consider the factors set forth in Section 9771(b). **Crump**, 995 A.2d at 1282 (citation omitted). Under Section 9771, total confinement may be imposed if "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c)(1)-(3).

This Court has held that "technical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform." **Commonwealth v. Carver**, 923 A.2d 495, 498 (Pa. Super. 2007). Where probation is ineffective as a rehabilitative tool, a sentence of incarceration may be appropriate. **See Commonwealth v. Malovich**, 903 A.2d 1247, 1254 (Pa. Super. 2006) (finding no abuse of discretion in the trial court's sentence of total confinement due to technical violations and concluding that "[a]ppellant was not responding to the court's authority; incarceration was necessary."); **see also Commonwealth v. McAfee**, 849 A.2d 270, 277 (Pa. Super. 2004) (stating that the trial court correctly determined that a sentence of total confinement was necessary to vindicate the court's authority because the appellant "had demonstrated a

complete lack of willingness to comply with the multiple court orders entered in this case").

Additionally, in every case following the revocation of probation, the trial court must consider the sentencing factors listed in Section 9721(b). *See Derry*, 150 A.3d at 994; *see also Commonwealth v. Williams*, 69 A.3d 735, 741 (Pa. Super. 2013) (stating that because the sentencing guidelines do not apply to sentences imposed following a revocation of probation, we look solely to the provisions of section 9721(b) in determining whether a sentence is excessive). Section 9721(b) provides that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

A "review of the discretionary aspects of a VOP court's sentence with regard to Section 9721(b) factors may, as a practical matter, dictate a greater degree of deference from a reviewing court[.]" *Derry*, 150 A.3d at 995 n.2. Our Supreme Court has explained that

> since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a [presentence investigation report (PSI)] during the initial sentencing proceedings. *See* [*Commonwealth v. Walls*, 926 A.2d 957, 967

n. 7 (Pa. 2007)] ("Where [a PSI exists] we shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

***Commonwealth v. Pasture***, 107 A.3d 21, 27 (Pa. 2014).

Here, at sentencing, the trial court acknowledged that Appellant had impulse control issues and had problems complying with his probation requirements. N.T. VOP Hr'g, 8/9/18, at 60-63; 66. The court also detailed efforts by both the probation department and the court to address Appellant's specific needs. ***Id.*** at 60-72. The court noted that it previously developed a custom treatment plan for Appellant, but he missed the initial intake evaluation with MH/ID, did not report to probation as scheduled, tested positive for alcohol, and was residing at an unapproved address. ***Id.*** at 62. The court further explained that after it placed Appellant on house arrest in lieu of incarceration, he twice left supervision without permission and also failed to report to probation. ***Id.*** at 63. The court explained:

> Like an addict, there is a time period when the court in its role as the court has to decide am I going to protect the public, am I going to vindicate the authority of the court, am I going to - - how much am I going to place on rehabilitation? This young man has more opportunities available to him than anybody I can ever think of who I've had because I didn't want to send him to state prison. The decision to go to state prison is his, not mine.

***Id.*** at 66. The court noted that "[a]nytime [Appellant]'s in this situation he's willing to do whatever it takes, but the moment we get him out he doesn't do anything that he is supposed to do." ***Id.*** at 68.

In its Rule 1925(a) opinion, the trial court explained:

The court considered all of Appellant's disabilities, diagnoses, and characteristics throughout this case. The court originally sentenced Appellant to county incarceration and probation. The court provided Appellant with all of the resources he needed to succeed. Appellant was being assisted by a peer specialist, a targeted case manager, and an adult probation officer who handles clients with special needs. The court "left no stone unturned" at the county level to try to assist Appellant and gave Appellant multiple opportunities to change his behaviors, but nothing worked. The court had already tried everything that counsel recommended. After a year of failed efforts on county parole and probation, the court was left with no choice but impose a state sentence.

* * *

The court considered and weighed the required [sentencing] factors. The court was required to consider more than Appellant's rehabilitative needs. The court was also required to consider the nature and circumstances of the offenses and the protection of the public. In its original sentencing and the prior parole and probation violations, the court gave priority to Appellant's rehabilitative needs. The court tailored Appellant's supervision plan and his conditions to address his particular issues. Unfortunately, despite being given multiple opportunities, Appellant failed to comply. The court warned Appellant that if he continued his behaviors and did not comply with his supervision conditions and plan, the court would be left with no choice but to send him to state prison. At some point, the court had to say enough is enough. The court reached that point in August 2018. . . . Failing to abide by court orders imposing conditions of supervision must have consequences at some point. The alternative sentence for which counsel advocated on August 9, 2018, and particularly counseling with Townsend Velkoff, had already been part of the requirements and conditions the court had previously ordered.

Trial Ct. Op., 8/30/18, at 8.

Based on our review of the record, we find no abuse of discretion in the trial court's decision to impose a sentence of total confinement. ***See***

*Malovich*, 903 A.2d at 1254.  As indicated by the trial court, Appellant failed to abide by the terms of his probation despite being given multiple opportunities to reform.  *See* N.T., 8/9/18, at 60-74; *see also* Trial Ct. Op. 12/31/18 at 8.  Because continued probation had proven ineffective, the trial court acted within its discretion in finding that a sentence of confinement was necessary to vindicate the authority of the court.  *See Malovich*, 903 A.2d at 1254; *see also Carver*, 923 A.2d at 498.  Therefore, Appellant's claim is meritless.

Moreover, the record confirms that the trial court adequately considered the Section 9721(b) factors in imposing its sentence.  *Derry*, 150 A.3d at 994; *see also Williams*, 69 A.3d at 741.  Contrary to Appellant's claim, the court explained that although it considered Appellant's characteristics and rehabilitative needs, continued probation would be ineffective in light of Appellant's inability to comply with the terms of his supervision.  *See* N.T., 8/9/18, at 60-72; *see also* Trial Ct. Op., 12/31/18, at 8.  Therefore, no relief is due.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/19/2019