NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TORRY DAVID GONZALES, | : | |
| | : | |
| Appellant | : | No. 1369 WDA 2017 |

Appeal from the Judgment of Sentence August 16, 2017
in the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000013-2008

BEFORE:    OLSON, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:            FILED MARCH 28, 2018

Torry David Gonzales (Appellant) appeals from the August 16, 2017 judgment of sentence entered after the revocation of his probation. We affirm.

The trial court summarized the factual and procedural history of this case as follows.

> On September 29, 2007, [Appellant] was arrested and charged by criminal information with two counts of forgery (felony 3), access device fraud (felony 3), identify theft (misdemeanor 1), and theft by deception (misdemeanor 1). On November 25, 2008, [Appellant] was sentenced ... for the above charges to a period of sixty months [of] probation. After he served an unrelated jail sentence, [Appellant] was released and began his sixty-month probation sentence.
>
> On July 10, 2017, the Commonwealth filed a petition to revoke probation/parole based on [Appellant's] conviction received at [docket number] 195-2017 in Clearfield County, a material violation of his probation agreement. At [docket number] 195-2017, [Appellant] was sentenced to a term of forty months

*Retired Senior Judge assigned to the Superior Court.

to ten years [of] incarceration.  On August 8, 2017, [Appellant] was resentenced at [this docket number by the trial court] for material violations of his probation agreement.  On count 2 – forgery, [Appellant] was resentenced to two to seven years [of] incarceration.  On August 17, 2017, [Appellant] was resentenced on count 1 – forgery to two to [seven] years [of] incarceration. [The trial court] ordered that the two sentences ... be run concurrent with each other, but to be run consecutive to [Appellant's] Clearfield County sentence [].

[Appellant] filed a timely motion to reconsider and modify sentence which was denied by [the trial court].  Thereafter, [Appellant] filed a timely notice of appeal, and timely filed the instant concise statement of [errors] complained of on appeal pursuant to [the trial court's Rule] 1925 order.  [The trial court filed an opinion in response.]

Trial Court Opinion, 10/17/2017, at 1-2 (unnecessary capitalization and parenthetical numerals omitted).

On appeal, Appellant argues that the trial court "abused its discretion by imposing a sentence without giving consideration to all the relevant sentencing factors ... including [Appellant's] character and rehabilitative needs and gravity of the offense." Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence.  We consider his issue mindful of the following.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

\* \* \*

- 2 -

> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

Commonwealth v. Antidormi, 84 A.3d 736, 760-61 (Pa. Super. 2014)

(internal citations and quotation marks omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Samuel, 102 A.3d 1001, 1006-07 (Pa. Super. 2014)

(some citations omitted).

Here, Appellant filed a notice of appeal after preserving the issue by filing a motion to modify sentence. Further, Appellant's brief contains a statement pursuant to Pa.R.A.P. 2119(f), claiming that the trial "court did not adequately consider all of the relevant sentencing factors and sentenced him only on the basis of his criminal record." Appellant's Brief at 8.

Regarding sentences imposed following the revocation of probation, the Sentencing Code provides as follows:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c). Moreover, in addition to these considerations, a trial court must also consider the factors set forth in subsection 9721(b)[1] when imposing a sentence following the revocation of probation. Commonwealth v. Derry, 150 A.3d 987, 995 (Pa. Super. 2016). Thus, "to the extent that

---

[1] That subsection provides, in relevant part, that when imposing a judgment of sentence,

> the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. ... In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S. § 9721(b).

[Appellant] challenges the sentencing court's failure to consider [subs]ection 9721(b) factors," he has raised a substantial question. Id. at 995. Accordingly, we proceed to address the merits of Appellant's claim.

Instantly, Appellant contends that the trial court abused its discretion by focusing "only on [Appellant's] past record and the circumstances surrounding the conviction in Clearfield County in fashioning the sentence." Appellant's Brief at 10. Specifically, he argues the following.

> During the hearing, [Appellant] entreated the court to give him the opportunity to "readjust" to society. [Appellant] admitted that he has been in the criminal justice system for 14 years and asked the court to consider a sentence concurrent with the 40 months to 10 years received in Clearfield County. A concurrent sentence would expedite his entrance into society where [Appellant] will have access to community resources including but not limited to agencies that focus on housing, employment and parenting. This will assist him in successful reintegration into the community. Thus, a concurrent sentence would have incorporated [Appellant's] rehabilitative needs.

Id. (citation omitted).

At the time Appellant was sentenced, the trial court stated that it was imposing a sentence of total confinement because Appellant "has been convicted of another crime. The conduct of [Appellant] indicates [Appellant] will commit another crime if not imprisoned. The sentence of imprisonment is essential to vindicate the authority of the [trial c]ourt." N.T., 8/8/2017, at 22; 8/16/2017, at 18.

In addition, the trial court offered the following explanation for its sentence.

> Given [Appellant's] clear disregard for the laws of the Commonwealth, evidenced by his convictions of additional crimes while serving his probationary period for the above-captioned case, [Appellant] made it clear to [the trial court] that his character for unlawful activity makes him a danger to society as a whole, and that a term of incarceration to be served after his sentence at [docket number] 195-2017 is more than appropriate, as well as conducive to [Appellant's] rehabilitative needs.

Trial Court Opinion, 10/17/2017, at 3.

Moreover, at the time of sentencing, the trial court had the benefit of Appellant's pre-sentence investigation (PSI) report. "[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Commonwealth v. Finnecy, 135 A.3d 1028, 1038 (Pa. Super. 2016). Based on the foregoing, we conclude that the trial court did not abuse its discretion in sentencing Appellant. Appellant essentially concedes that probation has proven to be ineffective in rehabilitating him; thus, it was not an abuse of discretion for the trial court to conclude that a prison sentence is necessary to vindicate the authority of the court and protect the public. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   3/28/2018