J-S34040-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RANDY LEE KOPF, | : | |
| | : | |
| Appellant | : | No. 112 WDA 2018 |

Appeal from the Judgment of Sentence September 29, 2017
in the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000506-2017
CP-61-CR-0000792-2005

BEFORE:   BOWES, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:     FILED: August 7, 2018

Randy Lee Kopf (Appellant) appeals from the September 29, 2017 judgment of sentence entered after a guilty plea at CR No. 506-2017, which triggered the revocation of his probation at CR No. 792-2005, and the entry of a new judgment of sentence in that case.  We affirm.

The trial court summarized the procedural history as follows.

> With respect to [Appellant's] criminal case at CR No. 792-2005, [Appellant] was found guilty by jury verdict of two ungraded drug felonies and one ungraded drug-related misdemeanor on June 12, 2006.  The [trial c]ourt subsequently sentenced [Appellant] on August 18, 2006[ to] an aggregate sentence of 45 to 96 months' incarceration and 60 months' probation to run consecutive to the term of imprisonment imposed.
>
> … [Appellant] pled guilty to fleeing and eluding police… for events that transpired on July 12, 2017.  Because [Appellant] accrued these new charges while still serving probation on his

*Retired Senior Judge assigned to the Superior Court.

case at CR No. 792-2005, the [trial c]ourt revoked his probation after having a ***Gagnon II***[1] hearing on the matter on August 21, 2017. Thereafter, the [trial c]ourt sentenced [Appellant] for the new offenses, which are docketed at CR No. 506-2017, as well as for the probation revocation at CR No. 792-2005 on September 29, 2017.

Trial Court Opinion, 12/6/2017, at 1-2 (record citations and footnote omitted).

At CR No. 506-2017, the trial court sentenced Appellant to a term of 6 to 24 months' imprisonment for fleeing and eluding. At his probation revocation case, CR No. 792-2005, the trial court sentenced Appellant to a term of incarceration of 12 to 24 months' imprisonment for conspiracy to commit possession with intent to deliver (PWID), to be served consecutive to the period of incarceration imposed at CR No. 506-2017. Thus, Appellant's aggregate sentence was 18 to 48 months' imprisonment.

Appellant filed a post-sentence motion alleging that the trial court abused its discretion by failing to consider all relevant sentencing factors, and by failing to run his sentences concurrently. Motion to Reconsider and

---

1

When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a ***Gagnon I*** hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a ***Gagnon II*** hearing, is required before a final revocation decision can be made.

***Commonwealth v. Sims***, 770 A.2d 346, 349 (Pa. Super. 2001) (citations omitted).

Modify Sentence, 10/6/2017, at ¶¶ 4, 5. The trial court issued an opinion on December 6, 2017, denying Appellant's motion. This timely-filed appeal followed.[2]

On appeal, Appellant argues that the trial court "abused its discretion by imposing a sentence without giving consideration to all the relevant sentencing factors under 42 Pa.C.S.[ §] 9721(b), including [Appellant's] character and gravity of the offense[.]" Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence. We consider his issue mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
>
> When imposing [a] sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

---

[2] Appellant complied with Pa.R.A.P. 1925(b). The trial court complied with Pa.R.A.P. 1925(a) by filing a statement referring this Court to its December 6, 2017 opinion.

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Appellant has satisfied the first three requirements: he timely filed a notice of appeal; he sought reconsideration of his sentence in a post-sentence motion; and his brief includes a Pa.R.A.P. 2119(f) statement. Therefore, we now consider whether Appellant has raised a substantial question for our review.

Appellant contends in his 2119(f) statement that the trial court "did not adequately consider all of the relevant factors." Appellant's Brief at 8. Such a claim does not present a substantial question for our review. *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) ("[A] claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." (citation and quotation marks

omitted)). However, in his post-sentence motion, concise statement of matters complained of on appeal, and the statement of the question involved on appeal in his brief, Appellant has couched this claim in terms of a failure to consider certain mitigating factors. *See* Motion to Reconsider and Modify Sentence, 10/6/2017, at ¶ 5 (arguing that the trial court "abused its discretion in that the court imposed a sentence without giving consideration to all the relevant factors under 42 Pa.C.S.[ §] 9721(b)"); Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of On Appeal, 2/5/2018 (stating same); Appellant's Brief at 4 (stating same). Thus, to the extent Appellant challenges the trial court's failure to consider altogether certain subsection 9721(b) factors, he has raised a substantial question, and we will address the merits of his claim. *See Commonwealth v. Derry*, 150 A.3d 987, 995 (Pa. Super. 2016).

Regarding sentences imposed following the revocation of probation, the Sentencing Code provides as follows:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c). Moreover, in addition to these considerations, a trial court must also consider the factors set forth in subsection 9721(b) when imposing a sentence following the revocation of probation. **Derry**, 150 A.3d at 995. That subsection provides, in relevant part, that when imposing a judgment of sentence,

> the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. … In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S. § 9721(b).

Instantly, Appellant contends that the trial court abused its discretion by failing to consider his character and the gravity of the offense at the time of sentencing. Appellant's Brief at 4.

> During the hearing, [Appellant] made a statement enumerating the reasons his life had changed for the better including relocation, marriage, his home, a good job. That all was jeopardized when [Appellant] had his medical issues [and was] prescribed pain medication [that] opened the door to relapse. Although the court had a lengthy discourse with [Appellant] relating to his desire for treatment, rehabilitative needs were all that were taken into account. The court did not take into account his great strides that were made by [Appellant] in aiming his life in a better direction nor did the court consider [that] the new offense was a misdemeanor, a far cry from the offense of 2005. The rehabilitative needs

considered by the court were only available in state prison. No consideration was given to county programs. Alternatively, the court could have went [*sic*] a less restrictive route. A shorter sentence would expedite his re-entrance into society where [Appellant] could resume his successful reintegration into the community. A sentence on CR 506-2017 that was concurrent with the sentence at CR 792-2005 would have accomplished this.[3] [Appellant] demonstrated that he was amenable to probation because he had been released from jail since 2012 and the Commonwealth did not seek to revoke hi[s probation] until he incurred new charges in 2017.

Appellant's Brief at 10 (citation to exhibit omitted).

At the time Appellant was sentenced, the trial court stated that it was imposing a sentence of total confinement because Appellant "has been convicted of new crimes" and such a sentence "is necessary to vindicate the authority of the court." N.T., 9/29/2017, at 29. The trial court engaged in an extensive dialogue with Appellant about his rehabilitative needs and efforts, and recommended in Appellant's sentencing order that he be placed in SCI Mercer's therapeutic community as soon as possible. *Id.* at 22-26,

---

[3] Appellant's contention that the trial court abused its discretion by imposing consecutive sentences does not raise a substantial question.

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

*Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015) (citations and quotation marks omitted).

- 7 -

29. In addition, the trial court explained in its opinion denying Appellant's post-sentence motion that the court considered the relevant sentencing factors.

> [W]e also considered [Appellant's] character and gravity of the offense in addition to considering [Appellant's pre-sentence investigation report (PSI)]. With respect to [Appellant's] character, the record of the sentencing hearing reflects that we read a letter written by [Appellant's] wife regarding [Appellant's] character, we considered the statement made by Attorney Bolton on [Appellant's] behalf, and the statement made by [Appellant] on his own behalf. …
>
> Further, as is customary for all our sentencing proceedings, the [trial c]ourt generated a Pennsylvania Commission on Sentencing Guideline Sentencing Form based on the information contained in [Appellant's] PSI prior to convening [Appellant's] sentencing hearing.

Trial Court Opinion, 12/6/2017, at 8 (record citations omitted).

Moreover, the trial court had the benefit of Appellant's PSI report at the time of sentencing. *Id.* at 14-15. "[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Finnecy*, 135 A.3d 1028, 1038 (Pa. Super. 2016). Based on the foregoing, we conclude that the trial court considered all relevant sentencing factors and did not abuse its discretion in sentencing Appellant. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/7/2018