J-S61023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL L. VELEZ | : | |
| | : | |
| Appellant | : | No. 2401 EDA 2017 |

Appeal from the Judgment of Sentence December 1, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001594-2011,
CP-51-CR-0012119-2009

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BOWES, J.:                **FILED NOVEMBER 29, 2018**

Angel L. Velez appeals from the aggregate judgment of sentence of eight to sixteen years imprisonment imposed after Appellant violated the terms of his probation.[1]  We affirm.

The trial court summarized the history of this case as follows:

On November 4, 2009, [Appellant] pled guilty before this court to one count of possession with intent to deliver on docket CP-51-CR-0012119-2009.  On that same day, this court sentenced [Appellant] to six to twenty-three months' incarceration with immediate parole and one year of probation. On April 7, 2010, following a violation of probation ("VOP") hearing, [Appellant's] probation was revoked and he was sentenced to three years' probation.  On October 6, 2010, following a VOP hearing, [Appellant's] probation was again revoked and he was sentenced to eleven-and-a-half to twenty-three months' incarceration followed by five years' probation.  On

_____

[1] The sentence in these cases runs concurrently with another sentence of five to ten years imposed for firearms violations at CP-51-CR-0008567-2013.  *See* N.T. Sentencing, 12/1/15, at 21.

April 14, 2011, [Appellant] pled guilty before this court to one count of aggravated assault on docket CP-51-CR-0001594-2011. On that same day, [Appellant] was sentenced to eleven-and-a-half to twenty-three months' incarceration followed by two years' probation. On February 6, 2015[, Appellant] pled guilty to one count of prohibited possession of a firearm. On December 1, 2015, [Appellant] was sentenced to five to ten years' incarceration for the firearms violation. On that same day, having found that [Appellant's] firearms case put him in direct violation of his probation, this court revoked probation and sentenced [Appellant] to four to eight years' incarceration on both CP-51-CR-0012119-2009 and CP-51-CR-0001594-2011, for an aggregate sentence of eight to sixteen years' incarceration to run concurrent to the firearms sentence.

[Appellant] filed a Motion for Reconsideration of Sentence on both VOP dockets on December [11], 2015. These motions were denied by operation of law on April 12, 2016. No direct appeal was taken. On April 25, 2016, [Appellant] filed a petition pursuant to the Post Conviction Relief Act ("PCRA"). On April 7, 2017, [Appellant] filed an amended PCRA petition. On June 26, 2017, this court granted [Appellant]'s PCRA petition and reinstated his appellate rights *nunc pro tunc*. On July 26, 2017, [Appellant] filed a notice of appeal to the Superior Court.

Trial Court Opinion, 1/11/18, at unnumbered 1-2 (citations, footnote, unnecessary capitalization, and repetition of values in numerical form omitted). Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following question for our review: "Did The Honorable Rayford A. Means abuse his discretion in sentencing [Appellant] to what appears to have been a manifestly excessive sentence?" Appellant's brief at 3.

The following principles apply to our consideration of whether Appellant's claim raises a viable challenge to the discretionary aspects of his sentence.

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (citations omitted).

Appellant filed a timely post-sentence motion seeking reconsideration of his sentence, and a timely notice of appeal after his direct appeal rights were reinstated. Appellant's brief contains a statement of reasons relied upon for his challenge to the discretionary aspects of his sentence as required by Pa.R.A.P. 2119(f).

As to whether Appellant's claim presents a substantial question, he avers that his aggregate sentence is manifestly unreasonable and excessive. He contends that the court failed to consider his individual circumstances and mitigating factors (*e.g.*, his troubled background, that he had been addicted to drugs since age thirteen, and that he was only nineteen when he entered his original guilty plea), and rather focused solely on the seriousness of the offense. Appellant's brief at 7-9. Appellant argues that, because he had never been sentenced to state incarceration before, and faces a term of five to ten

years imprisonment for firearms charges in a third, 2013 case, he will have sufficient time "to complete drug programs, learn a trade that can finally help him achieve gainful employment, and address his learning disabilities and earn a GED," without the additional, consecutive time imposed by the VOP court. *Id*. at 8-9.

We conclude that Appellant has raised a substantial question, and hence proceed to address the merits of his claim. *See*, *e.g.*, *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa.Super. 2015) (*en banc*) ("[W]e conclude that Appellant's challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs upon fashioning its sentence, presents a substantial question.").

"When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa.Super. 2009). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009). Rather, we review the trial court's determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of

partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Antidormi***, ***supra*** at 760.

"When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation."

***Commonwealth v. Antidormi***, 84 A.3d 736, 761 (Pa.Super. 2014) (citations and quotation marks omitted).

The trial court addressed Appellant's claim as follows.

[Appellant's] prior record score, probation violations, and criminal history indicate that it is likely that he will commit another crime if he is not imprisoned[.] This court also concluded that, based on the fact that [Appellant's] criminal conduct progressed from drugs to the unlawful possession of a firearm, even after multiple VOP hearings, that Defendant does not appreciate the nature of his probation or respect the authority of this Court[.] . . .

. . . [T]he record shows that this court in fact fully considered [Appellant's] background, including both his criminal history and relevant mitigating factors. This court heard that [Appellant] has strong family support, that he has been in prison for the entirety of his son's life, and that he has taken advantage of many of the programs available to him in prison, including parenting classes. [Appellant] also expressed remorse for his actions, and took responsibility by pleading guilty. This court also conducted an extensive inquiry into the nature of [Appellant's] criminal history and the precise breakdown of his prior record. This court took into consideration that [Appellant] has been given lenient sentences and multiple chances to improve his conduct, and that he has not done so. This court also took into consideration that [Appellant] assaulted an employee while trying to escape from Gaudenzia House, indicating that he has trouble following the rules and regulations of a less restrictive setting, and that prison likely provides the structure necessary for [Appellant] to continue

to participate in rehabilitative programs. Most importantly, this court placed on the record numerous reasons for its sentence for [Appellant's] firearms charges, all of which apply to its VOP sentences; it cannot be said that this court did not fully consider the case before it, or that it in any way abused its discretion in fashioning the VOP sentence.

Trial Court Opinion, 1/11/18, at unnumbered 4-5 (citations and unnecessary capitalization omitted).

Our review of the record confirms the trial court's representations. **See** N.T. Sentencing, 12/1/15, at 4-11, 16 (reflecting the court's consideration of Appellant's individual history, mitigating factors, and rehabilitative needs). The record supports the trial court's conclusion that probation has been ineffective in rehabilitating Appellant and that a significant prison sentence is necessary to vindicate the authority of the court and protect the public. **See**, **e.g.**, **Commonwealth v. Derry**, 150 A.3d 987, 999 (Pa.Super. 2016) (holding no abuse of discretion in imposing sentence that appeared to be "harsh" where the VOP court based the sentence upon the escalation of the defendant's criminal conduct from non-violent to violent offenses while under supervision).

Appellant essentially asks this Court to reweigh the factors and substitute our judgment for that of the trial court, which is something we may not do. **Macias**, **supra** at 778. Appellant has not shown that "that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly

unreasonable decision." Thus, he is entitled to no relief from this Court.

***Antidormi***, ***supra*** at 760.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/18