J-S38011-19
J-S38012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH ALLEN WANAMAKER JR. | : | |
| | : | |
| Appellant | : | No. 3602 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 13, 2018
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0002747-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH ALLEN WANAMAKER JR. | : | |
| | : | |
| Appellant | : | No. 3603 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 13, 2018
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0003155-2017

BEFORE:   OTT, J., DUBOW, J., and COLINS[*], J.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 12, 2019**

_____

[*] Retired Senior Judge assigned to the Superior Court.

In these related cases,[1] Kenneth Allen Wanamaker, Jr. appeals from the judgment of sentence imposed on November 13, 2018, in the Lehigh County Court of Common Pleas, upon the revocation of his probation, and made final by the denial of post-sentence motions on November 26, 2018. For the reasons discussed below, we affirm.

The facts of Wanamaker's underlying conviction are not pertinent to our disposition of his appeal. We briefly note that, on August 7, 2017, Wanamaker entered into a negotiated guilty plea in case CP-39-CR-0002747-2017, to one count of simple assault as a misdemeanor of the second degree;[2] in case CP-39-CR-0002746-2017, to one count of defiant trespass as a misdemeanor of the third degree,[3] and case CP-39-CR-0003155-2017, to intimidation of a witness as a misdemeanor of the second degree.[4] The victim in all three cases was Wanamaker's estranged girlfriend. That same day, in accordance with the terms of the plea agreement, the court sentenced Wanamaker to an

_____

[1] The cases are related because they concern the same facts, the same appellant, and raise the same issues. We note that the trial court issued a single opinion on both cases and the parties filed identical briefs. Therefore, we will dispose of these matters in one decision.

[2] 18 Pa.C.S.A. § 2701(a)(1).

[3] 18 Pa.C.S.A. § 3503(b)(1).

[4] 18 Pa.C.S.A. § 4952(a)(2).

aggregate term of 6 to 12 months' imprisonment, followed by 4 years' probation.

Wanamaker subsequently violated the terms of his probation[5] and, following a Gagnon II hearing[6] on November 13, 2018, at which he admitted to the violations, the trial court sentenced him to an aggregate term of 2 to 4 years' imprisonment. On November 21, 2018, Wanamaker filed a motion for modification of sentence, which the trial court denied on November 26, 2018. This timely appeal followed.[7]

On appeal, Wanamaker raises a single issue challenging the discretionary aspects of his sentence. Wanamaker's Brief, at 8.

This Court has held that: "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*). Furthermore,

> [t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence. Rather, an [a]ppeal is permitted only after this Court determines that there is a

_____

[5] We note that the probation violation only concerned cases CP-39-CR-0002747-2017 and CP-39-CR-0003155-2017, because Wanamaker had fully served his sentence in case CP-39-CR-0002746-2017.

[6] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[7] Wanamaker filed a timely concise statement of errors complained of on appeal on January 23, 2019. On January 28, 2019, the trial court issued an order adopting its statements at the November 13, 2018 hearing as its Rule 1925(a) opinion.

- 3 -

substantial question that the sentence was not appropriate under the sentencing code. In determining whether a substantial question exists, this Court does not examine the merits of the sentencing claim.

In addition, issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived. Furthermore, a defendant is required to preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement.

*Cartrette*, *supra* at 1042 (citations and quotation marks omitted).

Here, Wanamaker preserved his claim by filing a motion to modify sentence, and by raising it in his Rule 1925(b) statement. Moreover, he has included in his brief a Pa.R.A.P. 2119(f) statement in which he claims that the sentence was disproportionate to the technical violation of probation and was manifestly excessive. Wanamaker's Brief, at 12.

The following principles guide a court's review of a VOP sentence:

[A] trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence. The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

＊ ＊ ＊ ＊

Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.[A.] § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.[A.] § 9771(c).

＊ ＊ ＊ ＊

[A] trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him. In point of fact, where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

**Commonwealth v. Pasture**, 107 A.3d 21, 27–29 (Pa. 2014) (case citations

omitted). **See also Commonwealth v. Derry**, 150 A.3d 987, 995 (Pa.

Super. 2016) (holding VOP sentencing court must consider 42 Pa.C.S.A. § 9721(b) factors, and must consider factors set forth in 42 Pa.C.S.A. § 9771(c)).

Wanamaker's claim that the sentence of the statutory maximum was disproportionate and manifestly excessive raises a substantial question. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000) (holding that sentence of total confinement and of statutory maximum following probation revocation for technical violations raises substantial question).

Here, Wanamaker acknowledges that he admitted to the technical violations of probation at the revocation hearing. Wanamaker's Brief, at 18. His argument on appeal of this issue consists largely of the same "explanations" for his conduct that he raised at the revocation hearing.[8] Wanamaker's Brief, at 18-19; N.T. Revocation Hearing, at 4-6; 18-27. Specifically, Wanamaker contends that his positive drug test was only a one-time relapse. He claims that his probation officer in Northampton County

___

[8] Wanamaker also contends that the trial court's sentence arose out of judicial animosity. Wanamaker's Brief, at 19. However, Wanamaker waived any such contention because he did not raise it in his motion to modify sentence. *See* *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 831 A.2d 599 (Pa. 2003) (finding claim sentencing court did not put sufficient reasons to justify sentence on record waived where issue was not raised in post-sentence motion); *see also* Pa.R.A.P. 302(a).

stated that his failure to participate in batterer's counseling was not a problem because he had ample time left on probation to complete the counseling.[9] Moreover, he states that, subsequent to the violations of the no-contact order, the victim changed her mind, and now wished to be in a relationship with Wanamaker.[10]

Here, the trial court's sentence of total confinement was proper to vindicate the authority of the court. Wanamaker does not dispute that the trial court warned him at sentencing that if he contacted the victim in violation of a protection from abuse order and the conditions of probation, the court would revoke his probation and sentence him to a state sentence. Despite

---

[9] Although Wanamaker's sentence arose out of Lehigh County cases, he resides in Northampton County and the Northampton County Probation Office supervised him. N.T. Revocation Hearing, 11/13/2018, at 4. The record reflects that counsel had expected the probation officer from Northampton County to appear at the hearing to confirm this statement but she did not. *Id.*

[10] In his brief, Wanamaker claims that the victim appeared at the revocation hearing and wanted to testify on his behalf but the trial court refused to allow her testimony. Wanamaker's Brief, at 19. The record reflects that defense counsel did not seek to call the victim as a witness. *See* N.T. Revocation Hearing, at 3-30. Moreover, the victim did not ask to speak until after the court had imposed sentence. *See id.* at 30. There is no indication in the notes of testimony that her statements would have been favorable to Wanamaker. *Id.* Wanamaker did attach to his motion to modify sentence an unsigned e-mail purportedly sent by the victim supporting a reduction in his sentence. Motion to Modify and Reduce Sentence, 11/21/2018, at Exhibit A. It is not apparent from the record how Wanamaker obtained this statement, as it appears the victim e-mailed it to herself. We note that, if Wanamaker contacted her and requested that she write it, it would constitute an additional violation of probation.

this, within weeks of his release from incarceration, Wanamaker began contacting the victim; whatever the victim's current feelings may be, she did not want the contact at the time and each incident necessitated the involvement of the state police. Moreover, each contact was a violation of both the protection from abuse order and the conditions of probation. Further, a review of the revocation hearing transcript demonstrates that Wanamaker was clearly aware that the court had ordered him not to have any contact with the victim and chose to do so despite the court's order. On this record, we discern no abuse of discretion. *See Pasture*, *supra* at 29.

Accordingly, having concluded Wanamaker's discretionary aspects of sentencing claim is meritless, we affirm.

Judgment of sentence affirmed

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/19