J-S05010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM DAVID SIRBAUGH, JR. | : | |
| | : | |
| Appellant | : | No. 845 WDA 2018 |

Appeal from the Order Entered April 23, 2018
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000723-2016,
CP-11-CR-0001781-2015,
CP-11-CR-0001852-2016

BEFORE:   PANELLA, P.J., NICHOLS, J., and STRASSBURGER[*], J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED AUGUST 15, 2019**

William David Sirbaugh, Jr. appeals from the judgment of sentence entered in the Cambria County Court of Common Pleas, following his negotiated guilty plea to receiving stolen property, unsworn falsifications to authorities, and possession of drug paraphernalia.[1] Appellant argues the court failed to consider his need for drug rehabilitation and therefore imposed an excessive sentence. We affirm.

On March 23, 2017, Appellant entered a guilty plea to the above crimes, all three of which stemmed from separate incidents. In exchange, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3925(a), 4904(a)(1), and 35 P.S. § 780-113(a)(32), respectively.

Commonwealth *nolle prossed* a number of other related charges against him. At the plea hearing, the Commonwealth gave a brief recitation of the relevant facts pertaining to each crime: Appellant and accomplices sold brass vases stolen from a cemetery for scrap metal; Appellant submitted forged prescriptions to his probation officer as explanation for several positive drug tests; and, Appellant was caught in possession of drug paraphernalia. At Appellant's request, the trial court ordered a pre-sentence investigation report ("PSI") to determine Appellant's eligibility for enrollment in rehabilitative facilities. Ultimately, Appellant did not qualify for enrollment prior to sentencing.

At sentencing, Appellant's counsel explained that Appellant's criminal history stemmed from a lengthy battle with drug addiction and noted efforts to get Appellant into a rehabilitation facility. The trial court ultimately imposed an aggregate sentence of 16 to 48 months' incarceration, followed by 12 months' probation. In explaining the sentence, the trial court specifically expressed a hope that Appellant would utilize the rehabilitative services available to him while incarcerated.

After a successful petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, Appellant's direct appeal rights were reinstated. Appellant filed a timely post-sentence motion requesting reconsideration of his sentence. Following a hearing, the court denied the motion. In doing so, the court explained that it stayed within the sentencing

guidelines, and even imposed a sentence on the lower end of the guideline range. This timely appeal is now before us.

Appellant raises one issue for our review: that the trial court abused its discretion when it imposed a manifestly excessive sentence and failed to consider mitigating factors. Specifically, Appellant believes the court failed to take into account Appellant's need for drug rehabilitation.

"It is well-settled that appeals of a discretionary aspect of a sentence are not reviewable as a matter of right." *Commonwealth v. Miller*, 965 A.2d 276, 277 (Pa. Super. 2009) (citation omitted). To invoke this Court's jurisdiction, an appellant challenging the discretionary aspects of his sentence must first satisfy a four-part test. *See Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013). We consider:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

Here, Appellant has filed a timely notice of appeal. His issue was properly preserved in a motion to reconsider and modify sentence. Appellant has included a concise statement of reasons relied on for allowance of appeal, pursuant to Pa.R.A.P. 2119(f). As his issue has been properly preserved, we

must decide whether he has raised a substantial question. *See Commonwealth v. Smith*, 206 A.3d 551, 567 (Pa. Super. 2019).

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation and internal quotation marks omitted). "A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question." *Id*., at 995 (citation and internal quotation marks omitted). This Court has held that a challenge to the imposition of consecutive sentences as unduly excessive, together with a claim that the sentencing court failed to consider a defendant's rehabilitative needs when fashioning his sentence, does present a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015).

Based on the above, we find Appellant raises a substantial question. Thus, we proceed to the merits of his claim.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Gonzalez*, 109 A.3d at 731 (citation omitted).

- 4 -

"In fashioning a sentence, the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of offense as it relates to the impact on [the] life of the victim and on the community, and the rehabilitative needs of the defendant." *Miller*, 965 A.2d at 277 (citation and internal quotation marks omitted). Though the Pennsylvania Sentencing Guidelines are nonbinding, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted). And where the sentencing court had the benefit of a PSI, we may assume the court was aware of relevant sentencing factors. *See id*.

Here, Appellant believes the court imposed an unduly harsh consecutive sentence, and failed to consider his need for drug rehabilitation. That claim, however, is belied by the record.

At the plea hearing, the court ordered a PSI report. The court specified that the report should assess Appellant's eligibility for a drug rehabilitation program as a diversion from incarceration. *See* N.T. Plea, 3/23/17, at 10. At sentencing, Appellant's counsel informed the court that Appellant had been given a state sentence on other criminal charges before sentencing in this case, and would therefore be ineligible for the county's drug rehabilitation program. *See* N.T. Sentencing, 5/18/17, at 2-3. Appellant instead requested

- 5 -

that his sentence on the instant charges run concurrent to his state sentence in the other, unrelated case. *See id*., at 3.

The court stated that it read Appellant's PSI, and took special note of Appellant's "massive" prior record. *Id*., at 5. The court also repeatedly mentioned its extensive consideration of Appellant's drug problem. *See id*., at 5-8. Ultimately, the court imposed a standard range sentence of 14-36 months' incarceration on the receiving stolen property conviction, a consecutive sentence of 2-12 months' incarceration on the unsworn falsifications conviction, and a 12-month probationary sentence on Appellant's conviction for possession of drug paraphernalia. *See id*., at 6-7. The court declined to make this sentence concurrent with Appellant's state sentence on his other, unrelated criminal charges. The court then informed Appellant of the accessibility of drug rehabilitation programs in state prison, and encouraged Appellant to avail himself of these while incarcerated. *See id*., at 5, 7-8.

Appellant himself acknowledges his sentence is within the standard range of the Sentencing Guidelines. *See* Appellant's Brief, at 6. The sentencing court also had the benefit of a PSI. And the court recognized Appellant's struggles with drug addiction, acknowledging these when imposing his sentence. Indeed, it was Appellant's conviction on other charges in an unrelated criminal case and receipt of a state sentence that divested the sentencing court of its ability to order his participation in a county drug

rehabilitation program. Based on the foregoing, we find no grounds for disturbing Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/15/2019