J-S74036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES BENNETT :
:
Appellant : No. 3636 EDA 2018

Appeal from the Judgment of Sentence Entered October 10, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000232-2016

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JANUARY 29, 2020**

Appellant James Bennett appeals from the judgment of sentence

entered by the Court of Common Pleas of Philadelphia County after Appellant

was convicted of indecent assault by forcible compulsion and harassment by

physical contact.[1] Appellant challenges the sufficiency and weight of the

evidence and argues that the trial court abused its discretion in imposing his

sentence. After careful review, we affirm.

The trial court aptly summarized the factual background of this case as

follows:

> The complainant was the girlfriend of Appellant's son on
> September 6, 2015. She was at the Appellant's house, where her
> boyfriend, and Appellant's two daughters also lived. The
> complainant was spending the night. At some point her boyfriend

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 3126(a)(2) and § 2709(a)(1), respectively.

fell asleep and the complainant was talking on her phone while lying on her stomach with her boyfriend's two year old daughter.

Appellant knocked on the door, which was opened by the complainant. Appellant then proceeded to lean over the complainant and started rubbing the back of her thighs and moving his body against her.

Appellant then got off the complainant and proceeded to ask the complainant to come downstairs with him. When she refused, he grabbed her arm, digging his nails int[o] her arm. Appellant then pulled her through the door. As he pulled her, the complainant grabbed the child, thinking the presence of his two year old granddaughter would deter Appellant.

Once downstairs, Appellant repeatedly commented on the complainant's appearance, including her "butt." Appellant sat down next to the complainant on the couch, rubbing up against her and touching her neck, thighs, and chest. Appellant grabbed [the] complainant's face [and] kissed her. Appellant also rubbed against the complainant's vagina outside her clothes. During this time, Appellant was holding the complainant by her arm. At some point, something fell, making a noise that caused one of Appellant's children to come into the room, which enabled the complainant to escape Appellant.

The next morning the complainant told her boyfriend and his aunts (Appellant's sisters) what had happened, which resulted in a physical altercation between her boyfriend and Appellant. That morning the complainant also called her girlfriend and told her what had happened. Police were called to the location, where an officer arrived to find the complainant sitting on the steps crying and very distraught. She gave a statement to the police about 12 hours after it occurred.

Trial Court Opinion ("T.C.O."), 3/7/19, at 1-2 (citations omitted).

After being charged in connection with this assault, Appellant chose to waive his right to a jury trial and proceeded to a bench trial. On June 29, 2018, the trial court convicted Appellant of the aforementioned charges. On October 10, 2018, the trial court imposed two to five years' incarceration on the indecent assault conviction, but imposed no further penalty on the

harassment conviction. Appellant filed a timely post-sentence motion, which the trial court subsequently denied.

Near the end of the expiration of the thirty-day time period in which Appellant was to file a notice of appeal, his trial counsel filed a motion to withdraw. Appellant was thereafter appointed new counsel, who filed a Post-Conviction Relief Act (PCRA) petition seeking the reinstatement of Appellant's direct appeal rights. The lower court reinstated Appellant's right to file a notice of appeal *nunc pro tunc*. Appellant filed this timely appeal.

Appellant raises the following issues for our review:

I.    Whether the evidence was sufficient to sustain the verdict.

II.   Whether the court abused its discretion and committed reversible error when the court denied [Appellant's] post-sentence motion, which challenged the weight of the evidence.

III.  Whether the trial court abused its discretion and committed reversible error when the court denied [Appellant's] post-sentence motion, which challenged the discretionary aspects of sentence.

Appellant's Brief, at 11.

We first evaluate Appellant's challenge to the sufficiency of the evidence supporting his convictions. Our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every

- 3 -

possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Leaner*, 202 A.3d 749, 768, (Pa.Super. 2019) (citation omitted). To reiterate, the jury, as the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Commonwealth v. Melvin*, 103 A.3d 1, 39 (Pa. Super. 2014) (citation omitted). In conducting review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder. *Id.* at 39-40.

*Commonwealth v. Baumgartner*, 206 A.3d 11, 14–15 (Pa.Super. 2019).

Appellant does not claim the prosecution failed to prove any particular element of the offenses of which he was convicted. Instead, Appellant claims the complainant did not corroborate her testimony by presenting witnesses to testify that she had reported the assault to them and faults the complainant for waiting twelve hours to report the assault to the police.

Despite Appellant's claim that he could not be convicted of sexual offenses without corroboration of the complainant's allegations, "[t]his Court has long-recognized that the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant, despite contrary evidence from defense witnesses." *Commonwealth v. Diaz*, 152 A.3d 1040, 1047 (Pa.Super. 2016) (quoting *Commonwealth v.*

*Charlton*, 902 A.2d 554, 562 (PaSuper. 2006)). After hearing the complainant's account that Appellant had sexually assaulted her, the trial court, as fact finder, was free to find her testimony credible.

Appellant focuses his argument on the credibility of the complainant and suggests her testimony was wholly unreliable pursuant to *Commonwealth v. Karkaria*, 533 Pa. 412, 625 A.2d 1167 (1993). In reviewing a similar claim, we noted the following:

> While challenges based on inconsistent testimony generally implicate the weight of the evidence, in *Karkaria*, our Supreme Court observed the following with respect to testimony and sufficiency of the evidence.
>
>> Normally, the evidence is deemed to be sufficient where there is testimony offered to establish each material element of the crime charged and to prove commission of the offense by the accused beyond a reasonable doubt. The question of credibility is left to the [finder of fact] and the verdict will not be disturbed if the [finder of fact] determines the evidence is worthy of belief.
>>
>> We have, however, made exception to the general rule that the [finder of fact] is the sole arbiter of the facts where the testimony is so inherently unreliable that a verdict based upon it could amount to no more than surmise or conjecture.
>
> *Karkaria*, 625 A.2d at 1170.

*Commonwealth v. Smith*, 181 A.3d 1168, 1186 (Pa.Super. 2018), *appeal denied*, 193 A.3d 344 (Pa. 2018).

Appellant does not identify any instances in which the complainant testified inconsistently, but merely argues that the complainant's testimony was unreliable due to her twelve-hour delay in reporting the abuse. However,

- 5 -

this fact was to be weighed by the fact finder in assessing the complainant's credibility. **Smith**, **supra**. Appellant is not entitled to relief under **Karkaria** as Appellant has not shown that the complainant's testimony was so inconsistent as to be completely irreconcilable.

To the extent that Appellant asks this Court to find the complainant's testimony was not credible, Appellant is raising a challenge to the weight of the evidence, not its sufficiency. Our standard of review is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. **Commonwealth v. Johnson**, 542 Pa. 384, 394, 668 A.2d 97, 101 (1995), *cert. denied,* 519 U.S. 827, 117 S.Ct. 90, 136 L.Ed.2d 46 (1996). An appellate court cannot substitute its judgment for that of the finder of fact. **Commonwealth v. Pronkoskie**, 498 Pa. 245, 251, 445 A.2d 1203, 1206 (1982). Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. **Commonwealth v. Hawkins**, 549 Pa. 352, 368, 701 A.2d 492, 500 (1997), *cert. denied,* 523 U.S. 1083, 118 S.Ct. 1535, 140 L.Ed.2d 685 (1998).
>
> **Commonwealth v. Small**, 559 Pa. 423, 741 A.2d 666, 672–73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim. **Commonwealth v. Tharp**, 830 A.2d 519, 528 (Pa.2003) (citations omitted).

**Commonwealth v. Champney**, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003). A weight of evidence challenge "concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed."

*Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa.Super. 2014) (citation and quotation marks omitted).

Again, Appellant asks this Court to reassess the complainant's credibility and reweigh the evidence presented at trial. As it was exclusively within the factfinder's province to weigh these matters, the trial court was free to believe the complainant's testimony. *Champney*, *supra*. As such, we conclude that the trial court did not abuse its discretion in denying Appellant's weight of the evidence claim.

Lastly, Appellant claims that the trial court abused its discretion in imposing his sentence. The following principles apply to our consideration of Appellant's challenge to the discretionary aspects of his sentence:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.

***Commonwealth v. Manivannan***, 186 A.3d 472, 489 (Pa.Super. 2018) (quotation marks, some citations, and emphasis omitted).

In this case, Appellant has: (1) timely filed a notice of appeal, (2) preserved the instant issue in a post-sentence motion, and (3) included a Rule 2119(f) statement in his brief. We turn to the next requirement: whether Appellant raised a substantial question meriting our discretionary review.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Id.*** (quotation marks and some citations omitted).

Appellant claims that the trial court failed to properly account for all the factors set forth in 42 Pa.C.S.A. § 9721, as the trial court focused solely on the protection of the public and failed to consider the gravity of the offense or Appellant's rehabilitative needs. This Court has held that "an averment that the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of Appellant, as 42 Pa.C.S.[A.] § 9721(b) requires, presents a substantial question" for our review. ***Commonwealth v. Derry***, 150 A.3d 987, 992 (Pa.Super. 2016) (citation omitted). We may proceed to review the merits of Appellant's sentencing challenge.

In this case, as Appellant's prior record score rendered him a repeat felony offender (RFEL) and his indecent assault conviction carried an offense

gravity score (OGS) of 5, the guidelines provided a standard range of 24-36 months with an aggravated/mitigated range of 3 months. Notes of Testimony ("N.T."), Sentencing, 10/10/18, at 3-4; 204 Pa.Code §§ 303.4, 303.15, 303.16(a). As such, Appellant's two-year minimum sentence for his indecent assault conviction falls in the standard range of the sentencing guidelines.

When a defendant is given a standard range sentence, we review the sentence to determine if the trial court's application of the guidelines would be "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). In reviewing a sentence, an appellate court shall have regard for: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. 42 Pa.C.S.A. § 9781(d)(1)–(4).

Moreover, our Legislature has set forth general sentencing standards that require the sentencing court to impose a sentence that is consistent with protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant. *Commonwealth v. Walls*, 592 Pa. 557, 569, 926 A.2d 957, 964 (2007) (citing 42 Pa.C.S.A. § 9721(b)).

We find that the trial court did not abuse its discretion in imposing a standard range sentence in this case after it had considered the applicable pre-sentence investigation report (PSI). "Where the sentencing court had the

benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010) (citations omitted). Further, this Court has emphasized "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Id*.

Moreover, the trial court emphasized its concern for the fact that this was Appellant's third separate conviction for a sexual misconduct offense as Appellant had been previously convicted of statutory rape and attempted rape in the course of a burglary. N.T. at 8-9, PSI, at 2. The trial court expressly stated at sentencing hearing:

> I've considered the arguments of both counsel, the presentence report, the sentencing guidelines, the mental health evaluation report, testimony from [Appellant's] girlfriend, as well as [Appellant's] allocution as well as the evidence that the Court heard in this case. [Appellant's] record as a whole is concerning because of the way it relates to this case. There is a need to protect society. That need persists despite [Appellant] having been accountable for the same type of offense in the past in no small way.
>
> This Court is concerned about the repeated harms of the same nature demonstrating that [Appellant] is un[deterred] by law enforcement. Notwithstanding, for what is worth, I accept [Appellant's] words of remorse today. Time will only tell if that lasts. I only have two and a half and five to work with, in any event, which happens to be within the guidelines in any event. But because I credit the words of remorse, the sentence on indecent assault will be two to five years' incarceration. No further penalty on the harassment.

N.T. at 12-13.

Based on our review of the record, we cannot conclude that the trial court's sentence was "clearly unreasonable" and find this issue merits no relief.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 1/29/2020*