J-A08044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ABDULGADIR Q. IBN-SHAHEED | : | |
| | : | |
| Appellant | : | No. 1499 EDA 2019 |

Appeal from the Judgment of Sentence Entered April 23, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007245-2015

BEFORE: LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED MAY 12, 2020**

Abdulgadir Q. Ibn-Shaheed appeals from the judgment of sentence entered in the Philadelphia Court of Common Pleas following the revocation of his probation. Appellant argues the court abused its discretion when imposing his sentence. We affirm.

At approximately 11:00 p.m. on June 5, 2015, Appellant and another individual approached the victim, pointed a gun at him, and ordered him to get on the ground.[1] Appellant and his cohort took the victim's cash, two cell phones, and his sneakers. Police arrested Appellant later that evening.

---

[1] Appellant was 17 years old at the time of the offense. His motion to decertify and transfer the case to juvenile court was denied following a hearing. *See* Order, 11/4/15.

On June 2, 2016, Appellant entered a negotiated guilty plea before the Honorable Scott O'Keefe in the instant trial docket, CP-51-CR-0007245-2015 (Docket 7245), to conspiracy to commit robbery, possessing an instrument of crime (PIC), and robbery.[2] On August 29, 2016, pursuant to the negotiations, and after reviewing a pre-sentence investigation report (PSI), the trial court sentenced him to an aggregate term of 11½ to 23 months' incarceration plus 8 years' probation.[3]

The trial court summarized the following. *See* Trial Ct. Op., 7/29/19, at 4. On June 20, 2017, while Appellant was on probation, Philadelphia Police Officer James McGorry and his partner noticed a group of individuals, including Appellant, smoking marijuana. The officers instructed the group to extinguish the marijuana. As Appellant walked away, officers noticed a firearm in his waistband. The officers approached Appellant. A struggle ensued and Appellant reached for his firearm. As police attempted to subdue Appellant, he continued to kick and punch the officers. All three fell onto the ground, where Appellant managed to retrieve his firearm and pointed it at Officer McGorry's chest. Officer McGorry drew his own firearm and grabbed the magazine of Appellant's gun. At the violation of probation (VOP) hearing, Officer McGorry stated:

---

[2] 18 Pa.C.S. §§ 903(a), 907(a), 3701(a)(1)(ii).

[3] The trial court imposed the following sentences: (1) for robbery and conspiracy, concurrent terms of 11½ to 23 months' incarceration, plus eight years' probation; and (2) for PIC, a concurrent term of 3 years' probation.

> For my training, I was taught to actually try to grab the mag of the gun sometimes, and that day it worked. But I believe he wanted to kill me that day, and me not pulling the trigger — I warned him numerous times. I told him, drop the gun, drop the gun, I will kill you. I told him I was going to kill him, and he still wouldn't drop that gun.
>
> Like I said, I had the gun. I had the mag. I don't know if that's why he didn't shoot. I don't know if the gun was on safety, but someone was looking out for us that day, I guess; we are both here.
>
> But I just think this may — he had every chance to run, throw the gun. I think he wanted to shoot me that day.

N.T. VOP H'rg, 4/23/19, at 9-10.

Appellant was charged under three separate criminal informations arising from this incident, which were consolidated.[4] Following a non-jury trial on December 7, 2018, the Honorable Kai Scott found Appellant guilty of two counts each of simple assault, aggravated assault, and recklessly endangering another person (REAP),[5] as well as three firearm offenses.[6] On March 29, 2019, Judge Scott sentenced Appellant to an aggregate term of four to eight years' incarceration, followed by three years' probation.

Meanwhile, on April 23, 2019, Appellant appeared before Judge O'Keefe for a VOP hearing in the present case, Docket 7245, stemming from his new

---

[4] Appellant's new charges were filed at trial dockets CP-51-0006918-2017, CP-51-0006919-2017, and CP-51-0006920-2017.

[5] 18 Pa.C.S. §§ 2701(a)(1), 2702(a), 2705.

[6] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 6108.

convictions. The trial court found him in direct violation and revoked his probation. The court then sentenced Appellant to: two concurrent terms of five to ten years' incarceration for his robbery and conspiracy convictions; and a consecutive five years' probation for PIC. The court ordered this sentence to run consecutively to the four to eight years' sentence imposed by Judge Scott, for an aggregate term of nine to eighteen years' incarceration followed by eight years' probation. In imposing this sentence, the court relied on arguments from both parties, Officer McGorry's testimony, and the probation officer's VOP report, which was summarized by Appellant's counsel. **See** N.T. at 5-10.

On May 2, 2019, Appellant timely filed a post-sentence motion, which the trial court denied on May 3rd. On May 17th, Appellant timely filed a notice of appeal.[7] He timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant presents one issue for our review:

Did not the lower court violate the tenets of the Sentencing Code, which mandate individualized sentencing, where the court did not state adequate grounds for imposing its sentence, failed to consider [A]ppellant's background, character or rehabilitative needs, and imposed an excessive sentence of five to ten years of confinement plus five years of probation for a violation of probation to run consecutively to another sentence on another case, which was in excess of what was necessary to address the

---

[7] **See** Pa.R.Crim.P. 708(E) ("A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period.").

gravity of the offense, the protection of the community and [A]ppellant's rehabilitative needs?

Appellants Brief at 3. Appellant avers the trial court violated several fundamental principles of the Sentencing Code.[8] He argues the court did not consult any PSI or inquire into his background, character, or rehabilitative needs.[9] Appellant contends the court did not provide any reasons on the record for the excessive sentence, and instead focused solely on the seriousness of his new crimes, for which he was already sentenced. Appellant claims his sentence should be vacated and remanded for re-sentencing. No relief is due.

Appellant challenges the discretionary aspects of his sentence. This Court has stated:

> Before we reach the merits of [such an issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa. Super. 2013) (citation

---

[8] 42 Pa.C.S. §§ 9701-9799.75.

[9] Section 9721(b) of the Sentencing Code codifies the factors a court should consider for imposition of a sentence: "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

omitted).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

> As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. An appellant must articulate the reasons the sentencing court's actions violated the sentencing code.

*Commonwealth v. Derry*, 150 A.3d 987, 991-92 (Pa. Super. 2016). Generally, the Sentencing Guidelines do not apply to VOP proceedings. *Id.* at 993. Nevertheless, a claim that a sentencing court failed to consider Section 9721(b) factors presents "a substantial question for our review of the discretionary aspects of sentences imposed for violations of probation." *Id.* at 999.

Appellant complied with the procedural requirements for this appeal by filing a timely post-sentence motion and notice of appeal and including in his brief a Pa.R.A.P. 2119(f) statement of reasons relied upon for appeal. *See Colon*, 102 A.3d at 1043; Appellant's Brief at 9-11. Additionally, the claim that the trial court failed to consider the required sentencing factors raises a substantial question. *See Derry*, 150 A.3d at 999. Therefore, we will review Appellant's claim.

This Court has stated:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.
>
> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.
>
> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). . . .

**Colon**, 102 A.3d at 1043 (some citations omitted). The court may impose a sentence of total confinement upon revocation if "the defendant has been convicted of another crime[. T]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." **Id.** at 1044, *citing*, *inter alia*, 42 Pa.C.S.A. § 9771(b), (c)(1).

> In addition, in all cases where the court resentences an offender following revocation of probation . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing a statement of the reason or reasons for the sentence imposed[and f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. 42 Pa.C.S. § 9721(b). A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

- 7 -

*Colon*, 102 A.3d at 1044 (citations and quotation marks omitted).

Here, the trial court explained its sentencing decision:

When sentencing [Appellant], this court balanced the need to protect society from individuals such as [Appellant], who has been convicted of two counts of aggravated assault and recklessly endangering another person, three counts of simple assault as well as robbery, conspiracy and possessing the instruments of a crime. Furthermore, the court considered [Appellant's] failure to complete a period of probation.

As to the claim that the sentence was harsh and unreasonable for failing to adequately examine [Appellant's] background, character and rehabilitative needs, the probation violation report, prepared by [Appellant's] probation officer as well as the Pre-Sentence Investigation report were all considered as well as the arguments of counsel. [Appellant] was on probation when he committed the three new cases that he was convicted [of]. Appellant was afforded a notable opportunity during the original sentencing. With a prior record score of zero and an offense gravity score [of] ten, the guideline minimum sentence was forty to fifty-four months plus or minus twelve. [Appellant] was originally sentenced to eleven and one-half to twenty-three months, no parole before eighteen months, to be followed by eight years of probation. For [A]ppellant to then go out, while on probation, and to pull a loaded gun on a police officer, who merely told [A]ppellant's group to put out the marijuana cigarette they were smoking in the street is outrageous. As Officer McGorry stated, [Appellant] had every chance to run, but he didn't. The police officer's testimony was crystal clear — he believed [Appellant] wanted to shoot the officer that day. [Appellant's] original case was for an armed robbery. He was convicted of three new cases, involving a loaded gun, where he tried his best to shoot a police officer — for telling them to put out a marijuana cigarette. Society needs to be protected from [Appellant].

Trial Ct. Op. at 6.

Contrary to Appellant's assertions, the trial court considered the relevant sentencing factors. It considered the VOP report prepared by Appellant's probation officer and arguments of counsel. While the VOP hearing

transcript does not specifically indicate the court referred to a new PSI prepared for that hearing, we reiterate the trial court had reviewed a PSI for Appellant's original sentencing, two years and seven months earlier, and this was his VOP proceeding. The court found a prison term was appropriate in light of Appellant's failure to complete the terms of his original sentence, imposed for a robbery involving a gun, as well as his commission of new crimes, which involved pointing a firearm at a law enforcement officer. *See* 42 Pa.C.S. § 9771(c); *Derry*, 150 A.3d at 993. Thus, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/12/2020